A true printed copy in __4__ sheet(s) of the electronic record filed on 12/6/2021, in the United States District Court for the District of Minnesota.
CERTIFIED, December 14 2021
Kate M. Fogarty, Clerk
BY: Brennan, Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: FLUOROQUINOLONE PRODUCTS
LIABILITY LITIGATION                                       MDL No. 2642

**TRANSFER ORDER**

      **Before the Panel:** Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer HealthCare LLC (together, Bayer) move under 28 U.S.C. § 1407(c) for transfer of the action listed on Schedule A (*McKinley*) to the District of Minnesota for inclusion in MDL No. 2642. The Janssen defendants[1] support transfer. Plaintiff opposes transfer.

      After considering the argument of counsel, we find that the *McKinley* action involves common questions of fact with the actions transferred to MDL No. 2642, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In the order establishing this MDL, we held that centralization was warranted for actions alleging that "fluoroquinolone antibiotics cause or substantially contribute to the development of irreversible peripheral neuropathy and that the warnings provided by defendants concerning that risk were inadequate." *See In re Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015). We further explained that the shared factual issues include "general causation (in particular, the biological mechanism of the alleged injury), the background science, and common regulatory issues." *See id.* at 1379-80. In *McKinley*, plaintiff alleges that he used the fluoroquinolones Levaquin and Cipro – two of the drugs at issue in the MDL – and, as a result, suffers from, among other things, paresthesia and disabling pain. *McKinley* does not further define paresthesia, or refer to peripheral neuropathy, but defendants and the MDL master complaint assert that paresthesia is a tingling or burning sensation in the extremities caused by nerve damage, and is a "key symptom" and "hallmark" of peripheral neuropathy.[2] Thus, *McKinley* and the actions in the MDL necessarily raise overlapping factual questions concerning fluoroquinolones and the risk of peripheral neuropathy.[3]

---

[1] Johnson & Johnson, Janssen Research & Development, LLC, and Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.

[2] *See In re Fluoroquinolone Prods. Liab. Litig.*, MDL No. 2642, Defs.' Reply, Doc. No. 981, at 3 (J.P.M.L. Oct. 1, 2021); *In re Fluoroquinolone Prods. Liab. Litig.*, No. 15-md-2642, Doc. No. 241, Second Am. Master Compl. ¶ 119 (D. Minn. Aug. 12, 2016).

[3] In addition to paresthesia, plaintiff allegedly suffers from mitochondrial damage and a constellation of systems referred to as Fluoroquinolone Associated Disability Syndrome (FADS). Bayer represents in the Panel briefing that mitochondrial damage has been an issue in the MDL in

In opposition to transfer, plaintiff argues that his injuries are numerous and varied, and thus differ from the "narrow and specific" peripheral neuropathy condition at issue in the MDL. He lists a total of 40 conditions that include mainly mental health and sleep disorders, injuries to the musculoskeletal and cardiovascular systems, and damage to other body systems. However, the Panel has held in this MDL that, where the actions raise common issues concerning peripheral neuropathy, the assertion of additional unrelated injuries does not prevent transfer. *See* Transfer Order (*Zloch* and *Wolbach*), Doc. No. 535, at 1-2 (J.P.M.L. Feb. 2, 2017) (transferring actions involving peripheral neuropathy over plaintiffs' objections that "they suffered additional injuries unrelated to peripheral neuropathy" and that "their actions present unique factual issues concerning the risk of concomitant injury to multiple body systems"). And earlier this year, the Panel transferred an action (*Jackson*) alleging peripheral neuropathy, aortic aneurysm, and other forms of heart damage from using fluoroquinolones, reiterating that the assertion of additional unrelated injuries does not prevent transfer. *See* Transfer Order (*Jackson*), Doc. No. 962, at 1-2 (J.P.M.L. Mar. 30, 2021).[4]

We also have considered whether the continued transfer of tag-along actions is warranted in light of the advanced stage of the MDL. Whether the continued inclusion of tag-along actions is appropriate is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases. *See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009). Here, the transferee court continues to actively manage pretrial proceedings in non-settled actions, including, for example, issuing substantive decisions on pretrial motions and overseeing compliance with discovery obligations. We believe that the transferee court's continued management of tag-along actions is appropriate in these circumstances.

Our review of the record thus leads us to conclude that the overall interests of convenience and efficiency will be served by transfer of *McKinley*, as the action likely will involve common discovery, motions, and other pretrial proceedings as to the issues related to peripheral neuropathy. If the transferee judge finds at any point in the pretrial proceedings that the inclusion of *McKinley* will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, Section 1407 remand of the action to its transferor court can be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable John R. Tunheim for inclusion in the coordinated or consolidated pretrial proceedings.

---

the context of the MDL plaintiffs' assertion that it is an alleged mechanism of causation for peripheral neuropathy. Bayer further asserts that FADS often includes peripheral neuropathy.

[4] Additionally, the pretrial proceedings in this MDL routinely have accommodated injuries in addition to peripheral neuropathy, as shown by the master and short-form complaints. The master complaint includes factual allegations concerning the alleged risk of fluoroquinolones to multiple body systems, including the neuropsychiatric, musculoskeletal, and cardiovascular systems, and the short-form complaint allows plaintiffs to assert claims as to such injuries.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: FLUOROQUINOLONE PRODUCTS  
LIABILITY LITIGATION                                         MDL No. 2642

## SCHEDULE A

<u>Northern District of California</u>

MCKINLEY v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:21−06243

                   DMN case: 21-cv-2665 JRT